IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUSAN B. HERSH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-2330-N |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss. The Court holds that section 526(a)(4)'s restrictions on legal advice violate Hersh's First Amendment rights, but otherwise grants the motion to dismiss.

### I. ORIGINS OF HERSH'S CLAIMS AND THE GOVERNMENT'S MOTION TO DISMISS

In 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). The act contains provisions arguably applicable to consumer bankruptcy attorneys and the manner in which they provide services to both potential and actual clients. Defendant Alberto Gonzales, Attorney General of the United States, and Defendant Greg Abbot, Attorney General of Texas, are the heads of the agencies charged with enforcing these provisions. (Hereafter, the Defendants, i.e., the Attorneys General and their respective governments, will be collectively referred to as the "Government.")

Plaintiff Susan B. Hersh is a Dallas, Texas attorney whose practice includes counseling clients for a fee regarding federal bankruptcy law. She brings this cause of action

both seeking declaratory judgement that the BAPCPA does not apply to attorneys and as a facial challenge to the constitutionality several provisions. The provisions at issue are: 11 U.S.C. § 526(a)(4), which prohibits attorneys from giving certain advice to their clients;[1] and 11 U.S.C. § 527, which requires specific disclosures by providers of bankruptcy assistance.[2]

The Government subsequently filed this motion seeking to dismiss all Hersh's claims.

## II. STANDARD FOR MOTION TO DISMISS

Where a party fails to state a claim upon which relief can be granted, dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate. See FED. R. CIV. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion, courts must accept all well pleaded facts as true and view them in the light most favorable to the nonmovant. *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).[3]

---

[1] Plaintiff's Amended Complaint makes no express mention of 11 U.S.C. § 526; however, both sides argue the constitutionality of section 526 at great length, apparently believing it to be within the scope of Hersh's claims. Consistent with the parties' treatment, the Court will address section 526. The Court grants Hersh leave to amend her complaint to include an express claim for relief that 11 U.S.C. § 526(a)(4) violates the First Amendment.

[2] In her complaint, Hersh also alleges that 11 U.S.C. § 528 is unconstitutional on grounds similar to those alleged for section 527. However, in her response, Hersh makes no effort to refute the Government's argument that her section 528 claims present no basis for relief. Accordingly, the Court grants the Government's motion with respect to all of Hersh's claims pertaining to 11 U.S.C. § 528.

[3] In a footnote, the Government raises the issue of whether Hersh has standing to bring these claims, as no entity has taken action to enforce BAPCPA against Hersh. Given the First Amendment concerns alleged here, such an action is unnecessary. Specifically, Hersh alleges that her speech is simultaneously stifled and compelled by the provisions at issue; the

### III. THE TERM "DEBT RELIEF AGENCY" INCLUDES ATTORNEYS

Hersh's first claim seeks declaratory judgement that she, a licensed attorney advising clients on bankruptcy, is not a "debt relief agency" as defined in 11 U.S.C. § 101. Paragraph 12A of section 101 defines debt relief agency as "any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration, or who is a bankruptcy petition preparer under section 110 . . . ." 11 U.S.C. § 101(12A). The paragraph then continues to list five exceptions to the general definition. *Id.* at (A-E). Section 101 also defines "bankruptcy assistance" as

> any goods or services sold or otherwise provided to an assisted person with the express or implied purpose of providing information, advice, counsel, document preparation, or filing, or attendance at a creditors' meeting or appearing in a case or proceeding on behalf of another or providing legal representation with respect to a case or proceeding under this title.

11 U.S.C. § 101(4A).[4]

A reading of the text for plain meaning indicates that the term "debt relief agency" includes bankruptcy attorneys such as Hersh. Plain meaning is the preferred method for interpreting statutory language. *See Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004); *Sutton v. United States*, 819 F.2d 1289, 1292-1293 (5th Cir. 1987). Here, as only attorneys are

---

alleged suppression of Hersh's speech since the enactment of the BAPCPA is itself enough to provide standing. *See Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 659-660 (5th Cir. 2006) (finding nonprofit group had standing to challenge law that had potential chilling effect on speech, citing *Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 392 (1988)).

[4]Section 101 also defines "assisted person" as "any person whose debts consist primarily of consumer debts and the value of whose nonexempt property is less than $150,000." 11 U.S.C. § 101(4A). Accordingly, this Court's holding that the term "debt relief agency" applies to Hersh does not necessarily mean it applies to all attorneys.

authorized to provide legal advice and "providing legal advice" is part of the definition of bankruptcy assistance, it seems clear that bankruptcy attorneys such as Hersh fit within the definition of "persons providing bankruptcy assistance." Attorneys also provide most of the other functions defined as "bankruptcy assistance."

Hersh argues that attorneys should be excluded from the above reading due to seeming inconsistencies their inclusion would cause in other parts of the statute.[5] Any inferences possibly created by imprecise drafting are surely overwhelmed by the plain language. Moreover, after the above stated definition for "debt relief agency," the paragraph continues to list five exceptions; if Congress had wanted attorneys excluded from the term "debt relief agency" (and, as a result, the requirements of BAPCPA at issue here) it surely would have taken this opportunity to exclude them from what otherwise they are so plainly within.[6] Further, legislative history clearly indicates that Congress had attorneys in mind with this statute; the House Report on the BAPCPA mentions "attorney" 164 times. H.R. REP.

---

[5]First, she points out that the definition of debt relief agency, while broad enough to include both attorneys and bankruptcy petition preparers, only specifically mentions bankruptcy petition preparers. Also, Hersh argues that it would be counterintuitive to require an attorney as a debt relief agency to provide a statement under 11 U.S.C. § 527(b) telling his or her clients they have a right to an attorney and that only attorneys can provide legal advice.

[6]For a more detailed discussion of the meaning of "debt relief agency" within BAPCPA, see Robert Wann, Jr., *"Debt Relief Agencies:" Does the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 Violate Attorneys' First Amendment Rights?*, 14 AM. BANKR. INST. L. REV. 273, 274-283 (2006).

109-31, *reprinted in* 2005 U.S.C.C.A.N. 88.[7]   Accordingly, the Court grants the Government's motion to dismiss with respect to Hersh's claim for declaratory judgement that she is not a debt relief agency.

### IV. 11 U.S.C. § 526(A)(4) UNCONSTITUTIONALLY RESTRICTS HERSH'S SPEECH

#### A. Standards to Apply in Determining Constitutionality of Restrictions on Speech

The most significant portions of the parties' briefing concerns 11 U.S.C. § 526(a)(4). This section provides:

> (a) A debt relief agency shall not– . . . (4) advise an assisted person or prospective assisted person to incur more debt in contemplation of such person filing a case under this title or to pay an attorney or bankruptcy petition preparer fee or charge for services performed as part of preparing for or representing a debtor in a case under this title.

11 U.S.C. § 526(a)(4).

The parties dispute two issues with respect to section 526(a)(4): whether the Court ought to apply strict scrutiny or a more lenient standard to determine the section's constitutionality, and whether the section meets whichever standard is applied.  Because the Court finds that section 526(a)(4) does not survive scrutiny under the more lenient standard, it need not decide the first question.

The arguments of the parties lay out two alternative tests for use to determine the constitutionality of section 526(a)(4). Traditionally, courts subject content-based restrictions

---

[7]As part of the factors motivating passage of BAPCPA, the House Report also cites "[a] civil enforcement initiative undertaken in 2002 . . . [that] has 'consistently identified' such problems as 'debtor misconduct and abuse, *misconduct by attorneys* and other professionals, problems associated with bankruptcy petition preparers, and instances where a debtor's discharge should be challenged.'" 2005 U.S.C.C.A.N at 92 (emphasis added).

on speech to strict scrutiny. Strict scrutiny requires the regulation of speech to be (1) narrowly tailored to promote (2) a compelling government interest. *See United States v. Playboy Entm't Group, Inc.*, 529 U.S. 803, 813 (2000). Here, the Government proposes that section 526(a)(4) is an ethical regulation, and thus subject to a lesser standard outlined in *Gentile v. State Bar of Nev.*, 501 U.S. 1030 (1991).[8]

In *Gentile*, the Court faced the question of whether a test used by the Nevada Supreme Court in regulating attorney statements to the press violated the First Amendment. It found that the state's test achieved a "constitutionally permissible balance" because it (1) served "the State's legitimate interest in regulating the activity in question" and (2) "impose[d] only narrow and necessary limitations on lawyers' speech." *Id.* at 1075. The balancing test in *Gentile* and the strict scrutiny test appear to share the requirement that any restrictions on speech be narrow.

---

[8]Neither 11 U.S.C. § 526(a)(4) nor any other part of the section purports to be an ethical standard. The section is titled "Restrictions on debt relief agencies" and definitively outlines required and prohibited actions. *Compare with Gentile,* 501 U.S. at 1065-1076 (finding constitutional the standard enunciated by Nevada Supreme Court to distinguish permissible and impermissible communication with the press) *and Canatella v. Stovitz*, 365 F. Supp. 2d 1064 (N.D. Cal. 2005) (utilizing *Gentile* test in holding state bar statutes and professional rules not unconstitutional). Accordingly, the Court alternatively holds that strict scrutiny applies to 11 U.S.C. § 526(a)(4) and that the provision fails under strict scrutiny for the same reasons it fails the more lenient test, as explained below.

### *B. Section 526(a)(4) is Not Sufficiently Narrow*

In enacting BAPCPA, Congress sought to remedy abuse of the bankruptcy system. With regards to section 526(a)(4), the Government alleges that Congress sought to end the manipulation of the system by certain filers who took on additional debt prior to bankruptcy. However, rather than changing the system to close the loopholes or penalize those who take on such debt, Congress in section 526(a)(4) enacted a prophylactic rule, banning the bankruptcy attorneys from advising their clients to take on additional debts "in contemplation" of bankruptcy. Thus, section 526(a)(4) prevents lawyers from advising clients to take actions that are lawful, even under BAPCPA.

Moreover, taking on additional debt "in contemplation" of bankruptcy does not necessarily constitute abuse. While the Government argues that taking on additional debt *may* harm a debtor in some cases, it seems obvious that this also means that in some other cases, it *may* not. (Defendants' Reply 5-6). Without addressing all the complexities of bankruptcy law, it seems quite possible that sometimes taking on more debt could be the most financially prudent option for someone considering bankruptcy. That situation could be the case when: (1) refinancing at a lower rate to reduce payments and forestall or even prevent entering bankruptcy, or (2) taking on secured debt such as loan on an automobile that would survive bankruptcy and also enable the debtor to continue to get to work and make payments. Thus, section 526(a)(4) prevents lawyers from giving clients their best advice.[9]

---

[9]Section 526(a)(4) may also work to deprive courts, as well as clients, of good counsel. The interactions of constantly shifting bankruptcy provisions may cause situations to arise in which a legal yet otherwise counterintuitive behavior is in the client's best

Section 526(a)(4), therefore, is overinclusive in at least two respects: (1) it prevents lawyers from advising clients to take lawful actions; and (2) it extends beyond abuse to prevent advice to take prudent actions. Thus, section 526(a)(4) of the BAPCPA imposes limitations on speech beyond what is "narrow and necessary." *Gentile*, 501 U.S. at 1075; *see also In re R. M. J.*, 455 U.S. 191, 203 (1982) (Even under intermediate scrutiny, "[s]tates may not place an absolute prohibition on certain types of potentially misleading information . . . if the information also may be presented in a way that is not deceptive."); *Conant v. Walters*, 309 F.3d 629, 638-39 (9th Cir. 2002) (finding that government could not justify policy that threatened to punish a physician for recommending to a patient the medical use of marijuana on ground that such a recommendation might encourage illegal conduct by the patient). Accordingly, the Court finds 11 U.S.C. § 526(a)(4) facially unconstitutional and denies the Government's motion to dismiss Hersh's claim.

### V. 11 U.S.C. § 527 DOES NOT UNCONSTITUTIONALLY COMPEL SPEECH

In 11 U.S.C. § 527, BAPCPA requires attorneys to provide "assisted persons" with written notice of specified information regarding bankruptcy. In particular section 527(b) states:

> A debt relief agency providing bankruptcy assistance to an assisted person shall provide each assisted person at the same time as the notices required

---

financial interest. Section 526(a)(4) prevents attorneys from presenting those options to their clients and ultimately to the courts. "By seeking to prohibit the analysis of certain legal issues and to truncate presentation to the courts, the enactment under review prohibits speech and expression upon which the courts must depend for the proper exercise of judicial power." *Legal Services Corp. v. Velazquez*, 531 U.S. 533, 545 (2001). More succinctly put, "[a]n informed, independent judiciary presumes an informed, independent bar." *Id.*

under subsection (a)(1) the following statement, to the extent applicable, or one substantially similar. The statement shall be clear and conspicuous and shall be in a single document separate from other documents or notices provided to the assisted person: [10]

11 U.S.C. § 527(b). The required statement is set forth in the margin.[11]

---

[10] The notices in subsection (a)(1) must be provided "before commencement of a case" per 11 U.S.C. § 342(b)(1). *See* 11 U.S.C. § 527(a).

[11] The required statement is set forth as follows:

"IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER.

"If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. THE LAW REQUIRES AN ATTORNEY OR BANKRUPTCY PETITION PREPARER TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY OR BANKRUPTCY PETITION PREPARER WILL DO FOR YOU AND HOW MUCH IT WILL COST. Ask to see the contract before you hire anyone.

"The following information helps you understand what must be done in a routine bankruptcy case to help you evaluate how much service you need. Although bankruptcy can be complex, many cases are routine.

"Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents called a Petition, Schedules and Statement of Financial Affairs, as well as in some cases a Statement of Intention need to be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you will have to attend the required first meeting of creditors where you may be questioned by a court official called a 'trustee' and by creditors.

"If you choose to file a chapter 7 case, you may be asked by a creditor to

The Supreme Court has previously addressed statutes that require a member of a profession to provide customers with factual information regarding provided services. *See, e.g., Riley v. Nat'l Fed'n of the Blind of N.C., Inc.*, 487 U.S. 781 (1988) (licensed fundraisers); *Planned Parenthood of Southeast Penn. v. Casey*, 505 U.S. 833 (1992) (doctors providing abortions). Clearly, section 527 implicates the professional's First Amendment rights not to speak. *See Wooley v. Maynard*, 430 U.S. 705 (1977) (First Amendment rights "include[] both the right to speak freely and the right to refrain from speaking at all."); *Riley*, 487 U.S. at 797-98 ("[C]ases cannot be distinguished simply because they involved compelled statements of opinion while here we deal with compelled statements of "fact": either form of compulsion burdens protected speech.")  Yet, as members of a licensed profession, attorneys and other professionals are subject to regulation of their professional activities by the state, which may extend to speech. *See Riley*, 487 U.S. at 799; *In re Sawyer*,

---

reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts.

"If you choose to file a chapter 13 case in which you repay your creditors what you can afford over 3 to 5 years, you may also want help with preparing your chapter 13 plan and with the confirmation hearing on your plan which will be before a bankruptcy judge.

"If you select another type of relief under the Bankruptcy Code other than chapter 7 or chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

"Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court, but only attorneys, not bankruptcy petition preparers, can give you legal advice."

11 U.S.C. § 527(b).

360 U.S. 622, 646-47 (1959) (Stewart, J., concurring); *Innovative Database Sys. v. Morales*, 990 F.2d 217, 221 (5th Cir. 1993).

In *Riley*, the Supreme Court applied strict scrutiny to invalidate a North Carolina law requiring that "professional fundraisers disclose to potential donors, before an appeal for funds, the percentage of charitable contributions collected during the previous 12 months that were actually turned over to charity." *Riley*, 487 U.S. at 795-96. The Court found that "the compelled disclosure will almost certainly hamper the legitimate efforts of professional fundraisers to raise money for the charities they represent," that the "provision necessarily discriminates against small or unpopular charities," and that "more benign and narrowly tailored options are available." *Id.* at 799-800. The Court concluded that the means chosen to achieve the state's interest in full disclosure were "unduly burdensome and not narrowly tailored." *Id.* at 798; *see also Tex. State Troopers Ass'n, Inc. v. Morales*, 10 F. Supp. 2d 628, 633-34 (N. D. Tex. 1998) (relying on *Riley* to find "the Court must hold unconstitutional a mandatory disclosure provision directed towards solicitation where more benign and narrowly tailored options are available.")

In *Casey*, a more closely analogous circumstance, a plurality of the Court upheld a Pennsylvania provision requiring doctors to provide a woman seeking an abortion with "truthful, nonmisleading information" about the procedure, health risks, conditions surrounding her pregnancy, and the availability of state provided information. *Casey,* 505 U.S. at 881-82. In upholding the provision, the Court recognized a substantial government interest in providing a women with the risks of the procedure and a legitimate interest in

MEMORANDUM OPINION AND ORDER – PAGE 11

ensuring a "mature and informed" decision. *Id.* at 882-83. Further, requiring the doctors to provide information presented no "substantial obstacle" and was not an "undue burden." *Id.* at 883.

In the case at hand, section 527 advances a sufficiently compelling government interest and does not unduly burden either the attorney-client relationship or the ability of a client to seek bankruptcy. The government clearly has a legitimate interest in attempting to ensure that a client is informed of certain basic information before he or she commences a case in bankruptcy. The amount of debt discharged by bankruptcy in a given year can be tens of billions of dollars, H.R. REP. 109-31, *reprinted in* 2005 U.S.C.C.A.N. 88, 91, and as among consumer creditors, attorneys, and their debtor clients, the consumer debtor is often at an informational disadvantage. Thus, the government interest is significant.

Given that significant interest, the compelled speech of section 527 is a reasonable burden. Hersh argues that many of the paragraphs within the required statement provide false or misleading information.[12] But in an area of law as intricate as bankruptcy, a generalized statement may often require further explanation by a client's attorney.[13] Nothing

---

[12]For example, Hersh argues that it is misleading to provide a client with a statement informing the client that he or she "will have to pay a filing fee to the bankruptcy court," as required by section 527(b), without mentioning that Federal Rule of Bankruptcy Procedure 1006(b) may permit such fees to be deferred.

[13]Hersh alleges concerns about possible negative implications created by omitted details. These concerns are not enough to invalidate section 527. *See, e.g., Fargo Women's Health Org. v. Schafer*, 18 F.3d 526, 533-34 (8th Cir. 1994) (When requiring doctors to provide information, "[i]f in certain cases such a statement would be misleading or false, it would undoubtedly be because of unique and personal background facts that would be at least suspected if not known to the woman.") The simple cure to incomplete information is

in section 527 prevents this. Further, the section itself provides that the statement may be altered, so long as the content is "substantially similar," and that the statements need only be provided "to the extent applicable." 11 U.S.C. § 527(b). This leaves the bankruptcy attorney with sufficient control of the distribution of the messages of the statement to avoid any undue burden. *See Fargo Women's Health Org. v. Schafer*, 18 F.3d 526, 532-34 (8th Cir. 1994) (upholding provision requiring doctors to provide information and where physicians may comment on or dissociate themselves from the materials.) Finally, unlike in *Riley*, the provision neither acts as a barrier inhibiting the ability of a potential client to seek relief nor disproportionately impacts the ability of certain attorneys to serve their clients. The factual, viewpoint-neutral statement provides a sufficiently benign and narrow means of ensuring that clients are aware of certain general information regarding bankruptcy. Accordingly, the Court grants the Government's motion to dismiss Hersh's claim that 11 U.S.C. § 527 violates the First Amendment.

### VI. HERSH DOES NOT HAVE STANDING TO ASSERT FIFTH AMENDMENT CLAIMS

In addition the First Amendment issues raised above, Hersh also alleges in her complaint that the discussed provisions are unconstitutional on Fifth Amendment grounds, namely the right to retain counsel in civil matters. *See Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1118 (5th Cir. 1980). The Government moves to dismiss these claims for lack of standing, arguing that Hersh may not assert the right to counsel on behalf of her prospective clients. *See Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004).

---

advice of counsel.

MEMORANDUM OPINION AND ORDER – PAGE 13

Standing is an element of subject matter jurisdiction and, accordingly, should be addressed prior to any determination of the claim's constitutionality. *See Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.") "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Id.*

In her response, Hersh concedes that she does not have standing to assert the right to counsel on behalf of her clients. (Plaintiff's Resp. n.6). Instead, she asserts, without legal authority, (1) that the right to counsel includes a right to "unvarnished" legal advice, and (2) that the protection of this new right must mean that Hersh, as a bankruptcy lawyer, has the right to *provide* counsel. The Court declines to twice extend a recognized right on its own initiative as required in order to provide Hersh with standing for her Fifth Amendment claims. Accordingly, the Court grants the Government's motion to dismiss with respect to all Hersh's claims based on the Fifth Amendment right to counsel.

## VII. CONCLUSION

The Court dismisses with prejudice Hersh's claims regarding "debt relief agency," sections 527 and 528, and the Fifth Amendment. The Court denies the Government's motion to dismiss Hersh's section 526(a)(4) First Amendment claim. The Court invites Hersh to move for summary judgement on that claim once she amends her complaint to assert it explicitly.

MEMORANDUM OPINION AND ORDER – PAGE 14

Signed July 26, 2006.

_____
David C. Godbey
United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 15